RONALD WILCOX, Bar No. 176601
Attorney at Law
1900 The Alameda Ste, 530
San Jose, CA 95126
Tel: 408-296-0400
Fax: 408-296-0486

BEN E. DUPRE, Bar No. 231191
Dupre Law Firm, P.C.
2005 De La Cruz Bld., Suite 203
Santa Clara, CA 95050
Tel: 408-727-5377
Fax: 408-727-5310

Counsel for the Plaintiff
EFFREN TREJO

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA –
(SAN JOSE DIVISION)**

| | |
|---|---|
| EFFREN TREJO, <br><br> Plaintiff, <br><br> v. <br><br> CITIBANK, N.A., DANTE DOE, and DOES 1 through 20, inclusive <br><br> Defendants. | Case No.: 13-CV-03623-LHK <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1. Citibank telephoned Plaintiff's cellular telephone repeatedly and continuously dozens of times (at least more than 34 times) in approximately two months around September 2012 and October 17, 2012, during all hours of the day and night, without Plaintiff's consent, and after he requested they cease calling.  Defendant's calls were with such frequency as would be unreasonable under the circumstances.  Defendants placed auto-dialer or prerecorded calls to Plaintiff's cellular telephone without his consent.

COMPLAINT

2. Plaintiff suffered physical and emotional injury, including severe and substantial emotional distress, and actual damages, including but not limited to, anxiety, emotional distress, sleeplessness, headaches, depression, marital instability, loss of enjoyment of life, amongst other injuries.

3. Defendants' conduct is part of a business plan and practice of unlawful collection abuse including repeated and intrusive telephone calls, and failing to cease calling after being requested.

4. Certain nations (like Indonesia) have banned Citibank from collecting debts entirely.[1] Also See, *Cayanan v. Citi Holdings*, 12-cv-1476 MMAJMA (S.D. Cal. June 15, 2012)(TCPA class action alleging 110 calls to Plaintiff's cell phone); *Baker v. Citibank, N.A.* 12-cv-05038 (C.D. Cal. 2012)(class action for unlawful TCPA calls to consumers throughout California) *Haas v. Citibank,* #13-01578 (N.D. Cal 2013)(150 calls to Plaintiff's cell phone after Plaintiff requested they cease, calling estranged family members, and hiring a third party debt collector to continue calling, despite Plaintiff's requests to cease).

5. On December 29, 2008, the Federal Communications Commission ("FCC") issued a citation to Citibank for abusive collection practices, including admonishing Citibank that "[i]f, after receipt of this citation, you or your company violate the Communications Act or the Commission's rules in any manner described herein, the Commission may impose monetary forfeitures not to exceed $11,000 for each such violation or each day of a continuing violation occurring before September 2, 2008, and $16,000 for each such violation or each day of a continuing violation occurring on or after September 2, 2008."

---

[1] http://www.sanjosebankruptcyfdcpalawyer.com/?page=2

COMPLAINT

2

6. Congress has stated:

" There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, **to marital instability**, to the loss of jobs, and to **invasions of individual privacy**."

## II. JURISDICTION AND VENUE

7. Jurisdiction of this Court arises under Title 47 U.S.C section 227 (g)(2) and 28 U.S.C. section 1331 and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. section 1367.  Defendants have offices and do business here in California, and therefore personal jurisdiction is established.

8. Venue is proper because Defendants regularly transact business in this county and the conduct complained of occurred here.

## III. PARTIES

9. Plaintiff, EFFREN TREJO ("Mr. Trejo" or "Plaintiff"), is a natural person as defined by Cal. Civil Code section 1788.2(g) and resides in Santa Clara County.  Plaintiff is also a "debtor" as that term is defined by Cal. Civil Code section 1788.2(h).

10. Defendant, Citibank N.A. ("Citibank") is a "creditor" and "debt collector" as those terms are defined by Cal. Civil Code sections 1788.2(c) and 1788.2(i).  Defendant Citibank regularly engages in "debt collection" as that term is defined under Civil Code section 1788.2(b).  Defendant is an international bank with numerous offices located in California.

11. DANTE DOE, is an employee of Citibank, N.A. who regularly collects debts on behalf of Citibank, N.A.

12. DANTE DOE is a debt collector as defined by Civil Code 1788.2.

COMPLAINT

3

13. Defendants Does 1 through 20 are persons or entities whose true names and capacities are presently unknown to Plaintiff and who therefore are sued by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to Plaintiff. Plaintiff will seek leave to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

14. Plaintiff alleges that at all times herein mentioned, each of the Defendants were, and is now, the agent, servant, employee and/or other representative of the other Defendants, and in doing the things herein alleged, was acting in the scope, purpose and authority of such agency, service, employment, and/or other representative capacity with the permission, knowledge consent and ratification of the other Defendants.

15. Defendants authorized, approved and/or ratified the acts herein.

16. Any reference hereinafter to "Defendant" or "Defendants" without further qualification is meant by Plaintiff to refer to all the defendants above.

## IV. **FACTUAL ALLEGATIONS**

17. Plaintiff allegedly became indebted to Defendants via consumer credit cards. The alleged "debts" were incurred for personal, family or household purposes and were "consumer credit transactions" as those terms are defined by California Civil Code §§ 1788.2(d) & (e). Defendants were attempting to collect a "debt" as that term is defined by Cal. Civil Code section 1788.2(d).

18. Citibank telephoned Plaintiff's cell phone repeatedly and continuously dozens of times (at least more than thirty-four (34) times) in approximately two months around September 2012 and October 17, 2012, during all hours of the day and night, without Plaintiff's consent, and after he requested they cease calling. Defendant's calls were with such frequency as were unreasonable under the circumstances.

COMPLAINT

19. Despite Plaintiff's requests to cease, Defendants, with a conscious disregard to Plaintiff's rights, continued to repeatedly and continuously telephone Plaintiff causing his telephone to ring repeatedly in an abusive, harassing manner.

20. Plaintiff requested Defendants cease their calls. Yet Defendants ignored Plaintiff and continued calling Plaintiff's cellular phone continuously and repeatedly.

21. Despite being informed of Plaintiff's hardships and inability to pay the monthly minimum payments, and his requests to cease, Defendants continued to telephone Plaintiff repeatedly and continuously (dozens and dozens of times) – multiple times on certain days, morning, noon, and night.

22. These repeated telephone calls were made with an intent to annoy, abuse, and harass Mr. Cowan, in violation of Civil Code §1788.17.

23. Defendants acted in a conscious disregard to the rights of Plaintiff.

### V. FIRST CLAIM FOR RELIEF - RFDCPA
*Rosenthal Fair Debt Collection Practices Act (Cal. Civil Code §1788 et seq.)*

24. Plaintiff repeats and re-alleges, and incorporates by reference all the paragraphs above.

25. Defendants' acts and omissions, and course of conduct, as more fully described above, constitute numerous and multiple violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") et seq., including, but not limited to, the violations of §§ 1788 et seq., §§ 1788.11 and 1788.17.

26. Defendants violated California Civil Code § 1788.11 by communicating by telephone, with Plaintiff with such frequency as to be unreasonable (including, but not limited to, telephoning Plaintiff almost every day for almost a month and a half, multiple times a day (morning, day, and night – despite being told he could not afford to pay the amounts allegedly owing and requesting the calls cease), and to constitute a harassment to Plaintiff under the circumstances.

COMPLAINT

27. Defendants violated California Civil Code § 1788.17 (via incorporation of 15 U.S.C. §1692d), by engaging in conduct the natural consequence of which is to annoy, harass, oppress and abuse including, but not limited to, repeated calls almost every day for months, multiple times a day (all hours of the day) – despite Plaintiff explaining he could not afford to pay the amounts allegedly owing and requested the calls cease.

28. Defendants violated California Civil Code § 1788.17 (via incorporation of 15 U.S.C. §1692e), by using false, deceptive and/or misleading representations or means in an attempt to collect a debt, and taking action they could not legally take.

29. Defendants violated California Civil Code § 1788.17 (via incorporation of 15 U.S.C. §1692f), by engaging in an unfair and unconscionable act in an attempt to collect a debt.

30. Defendants violated California Civil Code §1788.17 (via incorporation of 15 U.S.C. §1692c(a)(1)), by communicating with Plaintiff at unusual times, and times which should have been known to be inconvenient.

31. As a result of Defendants' violations, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs, pursuant to Cal. Civil Code sections 1788.17 and 1788.30 (via incorporation of 15 U.S.C. 1692k).

## VI. SECOND CLAIM FOR RELIEF – INTRUSION UPON SECLUSION
(Against Citibank, N.A.)

32. Plaintiff repeats, re-alleges, and re-incorporates by reference all of the paragraphs above as though fully stated herein.

33. Our legislature explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Rosenthal Fair Debt Collection Practices Act and incorporating most of the Federal Act's provisions into the California's Fair Debt Collection Practices Act, when Congress stated, as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to**

COMPLAINT

**invasions of individual privacy.** 15 U.S.C. § 1692(a) (emphasis added).

34. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls **are a greater nuisance and invasion of privacy than live solicitation calls**,.[2]

35. Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion of Plaintiff, namely, by engaging in unlawful and intrusive communications and abusive telephone calls.

36. Defendants intentionally caused harm to Plaintiff' emotional well-being by engaging in highly offensive conduct in the course of collecting this debt, and thereby invaded and intruded upon Plaintiff' rights to privacy.

37. Plaintiff has a reasonable expectation of privacy in his solitude, seclusion, and or private concerns or affairs.

38. These intrusions and invasions against Plaintiff by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

39. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

40. Defendants also acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

### VII. THIRD CAUSE OF ACTION – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(Against Citibank, N.A.)

41. Plaintiff incorporates by reference the above paragraphs as though fully stated herein below.

---

[2] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

COMPLAINT

42. Defendants' outrageous, abusive and intrusive acts as described herein constituted negligence.

43. Defendants negligently inflicted emotional distress upon Plaintiff.

44. Defendants breached a duty imposed and failed to exercise ordinary care.

45. Defendants owed Plaintiff a duty to refrain from unlawful debt collections (California Civil Code §1788 et seq.) and unlawful telephone conduct (Penal Code §653m and the TCPA – Telephone Consumer Protection Act 47 U.S.C. §227(b)(1)(A)).

46. The breach of such duty proximately caused injury to Plaintiff.

47. The injury resulted from an occurrence the nature of which these statutes were designed to protect Plaintiff from.

48. Plaintiff is a member of the class of persons the statutes were designed to protect.

49. Defendants' conduct, as described herein, was wrongful conduct in that the Defendants conducted their business in an abusive, oppressive, and harassing manner.

50. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

51. Defendants' wrongful conduct as described herein actually and proximately caused Plaintiff's harm, as noted above.

52. Defendants acted with oppression, and/or malice, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial. Defendants acted in a despicable manner and acted with a conscious disregard to the rights of Plaintiff.

### IX.  FOURTH CAUSE OF ACTION - TCPA
*(Telephone Consumer Protection Act)*
(Against Citibank, N.A.)

53. Plaintiff repeats, re-alleges and incorporates by reference all other paragraphs.

54. At all times relevant to this complaint, Plaintiff was and is a "person" as defined by the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 153(32).

55. At all times relevant to this complaint, the Defendants have owned, operated, and or controlled "customer premises equipment" as defined by the TCPA, 47 U.S.C. § 153(14)

COMPLAINT

that originated, routed, and/or terminated telecommunications.

56. The Defendants at all times relevant to the complaint herein engaged in "telecommunications" defined by the TCPA, 47 U.S.C § 153(43).

57. The Defendants at all times relevant to the complaint herein engaged and engages in "interstate" communications" by the TCPA, 47 U.S.C. § 153(22).

58. At all times relevant to this complaint, the Defendants used, controlled, and/or operated "wire communications" as defined by the TCPA, 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

59. At all times relevant to this complaint, the Defendants used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200 (f)(1).

60. Defendants violated the TCPA, 47 U.S.C. § 227(b)(1)(A), by using an automatic telephone dialing system to telephone Plaintiff's cellular phone in an attempt to collect an alleged debt.

61. Defendants frequently made calls to Plaintiff's cell phone using an automatic telephone dialing system (including an automated dialing machine, dialer, and auto-dialer) and/or an artificial or prerecorded voice.

62. Defendants' violations were willful and knowing and intentional.

63. As a result of these violations of the TCPA, Defendants are liable to Plaintiff for statutory damages, including treble damages.

64. Defendants engaged in willful and knowing violations of the TCPA, 47 U.S.C. § 227(b)(1)(A).

65. Defendants used an automated telephone dialing system and pre-recorded messages to telephone Plaintiff' cellular telephone.

COMPLAINT

66. Defendants acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

67. Plaintiff is entitled to recover actual and punitive damages.

## X.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, respectfully prays that judgment be entered against the Defendants for the following:

   A. Statutory damages pursuant to Civil Code §§ 1788.30(b) and 1788.17 (via incorporation of 15 U.S.C. §1692k);

   B. Statutory damages pursuant to the TCPA (including a trebling of those damages);

   C. Actual damages;

   D. Attorney fees and costs pursuant to the TCPA;

   E. Punitive damages, pursuant to Cal. Civil Code §3294;

   F. Costs and reasonable attorney's fees pursuant to Cal. Civil Code §§ 1788.30 and 1788.17 (via incorporation of §15 U.S.C. 1692k);

   G. Injunctive relief pursuant to 47 U.S.C. 227(b)(3)(A); and

   H. For such other and further relief as may be just and proper.

Respectfully submitted,


/s/Ronald Wilcox                                             8/2/13
Ronald Wilcox, Counsel for Plaintiff                         Date

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.


/s/Ronald Wilcox                                             8/2/13
Ronald Wilcox, Counsel for Plaintiff                         Date

COMPLAINT